

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00028-CR

_____

THOMAS JACKSON FORSYTH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22354

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Thomas Jackson Forsyth appeals from his conviction on his open plea of nolo contendere to the offense of possession of a controlled substance, methamphetamine, less than one gram. The State abandoned the allegation in the indictment that Forsyth possessed the methamphetamine in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). Forsyth also pled "true" to an enhancement, having been previously convicted of a felony offense of indecency with a child. This increased the range of punishment to that of a third-degree felony. TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (Vernon Supp. 2008). The trial court sentenced Forsyth to five years' imprisonment. Forsyth was represented by different, appointed, counsel at trial and on appeal. Forsyth's attorney has filed a brief in which he concludes that the appeal is frivolous and without merit, after a review of the record and the related law.

Counsel states that he has studied the record and finds no error preserved for appeal that could be successfully argued. The brief contains a professional evaluation of the record and advances three arguable grounds for review. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Forsyth on October 23, 2008, informing Forsyth of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously

filed a motion with this Court seeking to withdraw as counsel in this appeal.  Forsyth filed his pro se response February 10, 2009.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We do note, however, that the trial court's judgment in this case indicates that Forsyth was convicted of "POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY: METHAMPHETAMINE OF LESS THAN ONE GRAM, DRUG FREE ZONE" and specifies the statute for the offense as "481.134 Health and Safety Code."  This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source.  *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte.  The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court.  TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to indicate the correct offense: "POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY:  METHAMPHETAMINE OF LESS THAN ONE GRAM."  The statute for the offense will be reflected on the judgment as "TEX. HEALTH & SAFETY CODE ANN. § 481.115(b)."

3

As reformed, we affirm the judgment of the trial court.[1]


Bailey C. Moseley
Justice

Date Submitted: February 10, 2009
Date Decided: February 11, 2009

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Forsyth in this case. No substitute counsel will be appointed. Should Forsyth wish to seek further review of this case by the Texas Court of Criminal Appeals, Forsyth must either retain an attorney to file a petition for discretionary review or Forsyth must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.